UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. CHATMAN, CDCR #BD-5474, <br><br>Plaintiff, <br><br>vs. <br><br>SUPER 8 in Oceanside, CA; SUPER 8 Corporation, <br><br>Defendants. | Case No.: 3:18-cv-01665-CAB-KSC <br><br>**ORDER:** <br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 3]** <br><br>**AND** <br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

ERIC C. CHATMAN ("Plaintiff"), currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, and against the Super 8 Hotel in Oceanside, California, and the Super 8 Corporation, in the Northern District of California, on June 22, 2018. *See* Compl., ECF No. 1.

///

On July 19, 2018, United States District Judge James Donato transferred the case here for lack of proper venue pursuant to 28 U.S.C. § 1406(a) (ECF No. 5). In view of the transfer, Judge Donato declined to rule on Plaintiff's pending Motions to Proceed In Forma Pauperis ("IFP") (ECF No. 2), and to Appoint Counsel (ECF No. 3).

In his Complaint, Plaintiff claims he was "jumped by 4 guys" and robbed at the Super 8 in Oceanside while he was recycling on the premises sometime "around 2016 or 2017." *Id.* at 3. He claims he "could've died," and therefore seeks hundreds of thousands of dollars in "lump sum" damages and ownership interests in Super 8 hotels, casinos, and race tracks. *Id.*

He has since filed a letter addressed to the Court and marked as an "Exhibit" that re-states his claims and seeks to subpoena a video of the incident. *See* ECF No. 9. His letter has been accepted for filing in light of Plaintiff's pro se status, and despite Local Civil Rule 83.9, which clearly prohibits such ex parte communications. *See* ECF No. 8.

**I.     Motion to Proceed IFP**

   A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'

provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Application to Plaintiff</u>

The Court has reviewed Plaintiff's Complaint and his letter, and concludes neither pleading contains any "plausible allegations" to suggest he "faced 'imminent danger of

serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff's seeks to sue a hotel chain based on claims that several unidentified persons "jumped" and robbed him while he was on their premises on an unspecified occasion in 2016 or 2017.[1] *See* Compl., ECF No. 1 at 3; *see also In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

That is the case here.

---

[1] The Court further notes that Plaintiff has previously filed multiple similar Complaints in the Southern District of California against the same Defendants and alleging the same claims. *See Chatman v. Super 8 Motel, et al.,* S.D. Cal. Civil Case No. 3:17-cv-02517-DMS-JMA (filed Dec. 11, 2017); *Chatman v. Super 8 Motel Co., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Jan. 26, 2018); and *Chatman v. Super 8 Motel Corp., et al.*, S.D. Cal. 3:18-cv-00436-CAB (RBB) (filed Feb. 23, 2018). The first two cases were dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and are counted as "strikes" against him pursuant to 28 U.S.C. § 1915(g). Plaintiff was denied leave to proceed IFP in the third case, as he is in this case, due to his previous litigation history.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Eric Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and

Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 6) ("strike four").

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Motion to Appoint Counsel

In addition to his Motion to Proceed IFP, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3).

However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Plaintiff has failed to allege the presence of exceptional circumstances, and is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

///

2) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.[2]

**IT IS SO ORDERED**.

Dated: September 4, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] While the Court has previously accepted Plaintiff's letter for filing despite his failure to comply with the Court's Local Rules, he is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). <u>Therefore, any additional letter he attempts to file in this matter will be summarily rejected based on Local Rule 83.9, and because this Order terminates his case.</u>